# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Robert Anthony Bisciglia and** **Anne Therese Bisciglia** | **Civil No. 04-4977 (DSD/SRN)** |
| **Plaintiffs,** | |
| **v.** | **REPORT & RECOMMENDATION** |
| **James Lee, individually and as agent** **for Minnesota Revenue Department;** **Rhonda L. Boese, individually and as agent** **for RBC Dain Rauscher, and John Doe(s)** | |
| **Defendants** | |

---

Robert & Anne Bisciglia, Pro Se

Craig R. Anderson, Esq., on behalf of Defendant Lee and Minnesota Revenue Department

Bryan C. Keane, Esq., on behalf of Defendant Boese and Dain Rauscher

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on the Motion for Judgment on the Pleadings filed by Defendants RBC Dain Rauscher and Rhonda L. Boese (Doc. No. 11) and the Motion to Dismiss for Lack of Jurisdiction filed by Defendant James Lee (Doc. No. 16).   This case has been referred to the undersigned for resolution of pretrial matters pursuant to 42 U.S.C. § 636 and Local Rule 72.1.

## I.      BACKGROUND

1

In September 2004 the Defendant Minnesota Department of Revenue ("Department") served a third-party levy upon Defendant RBC Dain Rauscher ("Dain Rauscher"), pursuant to Minn Stat. §§ 270.70 and 270.7001. Dain Rauscher, a broker-dealer, held a securities account in the name of its client, Plaintiff Robert A. Bisciglia. Dain Rauscher complied with the levy and liquidated some of the securities in the Bisciglia account, issuing a check to the Department.

Subsequently, Plaintiffs initiated this *pro se* action, alleging that the levy was unlawful. Named Defendant James Lee, a Revenue Collection Officer employed by the Department, and Defendant Rhonda Boese, an employee of Dain Rauscher, were sued in both their individual and official capacities.

Defendant Lee moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c), arguing that this Court lacks jurisdiction over the subject matter of the Complaint and that the case presents no genuine issue as to any material fact, thus entitling Defendant Lee to judgment as a matter of law.

Defendant Boese and Dain Rauscher move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that they are entitled to judgment because there are no material issues of fact to be resolved. Defendants Boese and Dain Rauscher contend that under Minn. Stat. § 270.70, Subd. 15, they are discharged from any obligation or liability for honoring the Department's levy.

Plaintiffs, who filed this lawsuit, failed to respond to Defendants' motions and failed to appear at the motions hearing. Instead, they apparently refused to accept Defendants' pleadings served on them

by mail, returning them to the Court stamped with a phrase devoid of any legal import or meaning.[1]

Thus, as the Court stated at the motions hearing, it will decide this matter based on the record and the

pleadings before it.

## II.    STANDARD OF REVIEW

A motion to dismiss shall be granted if the complaint fails to allege facts sufficient to invoke the

Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings

"after the pleadings are closed, but within such time as not to delay the trial."  The standard of review

for Rule 12(c) motions is the same as that for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

See Flora v. Firepond, Inc., 260 F.Supp.2d 780, 784 (D.Minn. 2003).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other

grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L.Ed.2d 139 (1984).  When

considering a motion to dismiss, "we must assume that all the facts alleged in the complaint are true"

and generally construe the complaint in the light most favorable to the plaintiff.  E.g., Coleman v. Watt,

40 F.3d 255, 258 (8th Cir. 1994).  A court, however, need not "blindly accept the legal conclusions

drawn by the pleader from the facts."  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.

1990).  Under this standard, a court may dismiss "only in the unusual case in which a plaintiff includes

allegations that show on the face of the complaint that there is some insuperable bar to relief" or the

_____

[1]The phrase in question is: "Refused for cause without dishonor and, without recourse to me."

3

complaint fails to "contain facts which state a claim as a matter of law."  Frey v. City of Herculaneum,

44 F.3d 667, 671 (8th Cir. 1995) (internal quotations omitted).

## III.   DISCUSSION

### A.   Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in
> law or equity, commenced or prosecuted against one of the United States by Citizens
> of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has interpreted the Eleventh Amendment to provide that federal courts do

not have subject matter jurisdiction over suits against non-consenting states.  Seminole Tribe of Florida

v. Florida, 517 U.S. 44, 54 (1996).  Moreover, "it is also well established that even though a State is

not named a party to the action, the suit may nonetheless by barred by the Eleventh Amendment."

Edelman v. Jordan, 415 U.S. 651, 663 (1974) (further stating, "(W)hen the action is in essence one for

the recovery of money from the state, the state is the real, substantial party in interest and is entitled to

invoke its sovereign immunity from suit even though individual officials are nominal defendants.")

(citations omitted).    Thus, a suit by private parties seeking to impose a liability that must paid from

public funds in the state treasury is barred by the Eleventh Amendment.  Id. (citations omitted).

To overcome the Eleventh Amendment prohibition to suit, a state may waive its Eleventh

Amendment immunity, or Congress may lawfully abrogate that immunity.  Port Authority Trans-Hudson

Corp. v. Feeney, 495 U.S. 299, 304 (1990).  In order to determine whether a state has waived its

4

constitutional protection, "we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" Edelman, 415 U.S. at 673 (internal citation omitted).

Here, Plaintiffs have sued Defendant Lee, in both his individual and official capacities. To the extent that he is sued in his official capacity, the State of Minnesota is the real party in interest and the Eleventh Amendment is implicated. No express language indicates that the State of Minnesota has waived its immunity, nor does any statute abrogate this immunity. Accordingly, Plaintiffs' claims against Defendant Lee in his official capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**B.      Tax Injunction Act and State Remedies**

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

The TIA generally precludes a federal court from awarding either a declaratory judgment or damages in a § 1983 action. See California v. Grace Brethren Church, 457 U.S. 393 (1982); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100 (1981). Although not explicitly pled as such, Plaintiffs' Complaint essentially seeks relief pursuant to 42 U.S.C. § 1983, arising from what Plaintiffs alleges are Defendant Lee's unlawful income tax collection practices. (See Complaint at 4-6.)

In a similar action in our sister state of Iowa, the court there dismissed a taxpayer's suit brought to prevent the Iowa Department of Revenue and Finance from collecting state income taxes from him.

5

Scheckel v. Iowa Dept. of Revenue and Finance, et al., 292 F.Supp.2d 1169 (N.D. Iowa 2003), aff'd, 2004 WL 1496700 (8th Cir. 2004).  Not only did the court conclude that the Eleventh Amendment barred the taxpayer's claims, but it also held that the TIA bars actions for declaratory relief that could interfere with the states' tax collection processes, as well as actions for outright injunctive relief.  Id. at 1172.  Moreover, the court noted that state law provided sufficient procedures to challenge the assessment and collection of taxes.  Id.

Here, Plaintiffs failed to allege in their Complaint that the state court remedies or administrative remedies available to them were inadequate.  Minnesota law provides such procedures for a taxpayer to challenge an assessment.  Administratively, a taxpayer may obtain reconsideration of an order assessing tax by filing an administrative appeal with the Commissioner.  Minn. Stat. § 289A.65, subd. 1 (2004).

In the state judicial system, the Minnesota Tax Court has jurisdiction over appeals from any order of the Commissioner.  Minn. Stat. § 271.01, subd. 5 (2004).  An order of the Commissioner assessing income tax liability is directly appealable to the Tax Court under Minn. Stat. § 271.06 (2004).  The Tax Court also has jurisdiction to determine constitutional issues, provided the Tax Court first transfers such issues to a state district court, which may either decide the issues or refer them back to the Tax Court.  Wilson v. Comm'r of Revenue, 619 N.W.2d 194, 199 (Minn. 2000).  Tax Court decisions receive the same finality and deference as those of the state district courts.  In re McCannel, 301 N.W.2d 910, 919 (Minn. 1980).  A party may appeal a decision of the Tax Court directly to the Minnesota Supreme Court.  Minn. Stat. § 271.10, subd. 1 (2004).

Thus, the above-referenced state court remedies satisfy the "plain, speedy and efficient

6

remedy" language of the TIA.  Defendant Lee's motion to dismiss should be granted.

## C.        Effect of Honoring Levy

Pursuant to Minn. Stat. § 270.70, Subd. 15, persons who honor a levy are discharged from

any obligation or liability:

> Any person in possession of (or obligated with respect to) property or rights to
> property subject to levy upon which a levy has been made who, upon demand by the
> commissioner, surrenders the property or rights to property (or who pays a liability
> under section 270.7002, subdivision 1) shall be discharged from any obligation or
> liability to the person liable for the payment or collection of the delinquent tax with
> respect to the property or rights to property so surrendered or paid.

Here, Defendant Boese and Dain Rauscher are shielded from liability for their actions in

complying with the Department's levy pursuant to Minn. Stat. § 270.70, Subd. 15.  There is no basis

for liability otherwise, nor does Plaintiff's Complaint provide support for any other legal theory of

liability.[2]

As noted above, under the standard of review accorded a motion to dismiss, the Court must

assume the facts pled by Plaintiffs as true and generally view the facts in the light most favorable to

Plaintiffs.  However, a motion to dismiss will be granted where the complaint fails to "contain facts

which state a claim as a matter of law."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.

1995) (internal quotations omitted).  The Court reminds Plaintiffs that although they are *pro se* litigants,

they are required to adhere to the same rules as an attorney.  They have failed to plead any cause of

action against Dain Rauscher and Defendant Boese, as their Complaint is devoid of any underlying

---

[2]Instead, Plaintiffs' Complaint is replete with references to admiralty law, "theft and kidnap,"
"law of the flag," President Franklin D. Roosevelt and the Great Depression. (See Complaint.)

7

facts, as well as any cognizable legal claims.   Their pleading fails to state a claim – as a matter of law –

upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  Defendants' motion should be

granted.

**D.       Contact with Parties Represented by Counsel**

Counsel for Defendants Boese and Dain Rauscher indicated at the motions hearing that

Defendants have continued to receive mail directly from Plaintiffs.  This is improper.  Again, although

they are *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which

prohibit a lawyer from communicating with a party known to be represented by another lawyer:

> In representing a client, a lawyer shall not communicate about the subject of the
> representation with a party the lawyer knows to be represented by another lawyer in
> the matter, unless the lawyer has the consent of the other lawyer or is authorized by law
> to do so.

Minn. R. Prof. Conduct 4.2.

Should Plaintiffs continue to contact Defendants directly, this Court will consider any motions

brought by Defendants for sanctions for further violations of this rule.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1.       The Motion for Judgment on the Pleadings filed by Defendants RBC Dain Rauscher

and Rhonda L. Boese (Doc. No. 11) be **GRANTED;** and

2.       The Motion to Dismiss for Lack of Jurisdiction filed by Defendant James Lee (Doc.

No. 16) be **GRANTED**; and

3.       Plaintiffs are not to correspond directly with Defendants, but to direct any future

correspondence to Defendants' counsel only.

Dated:   April 1, 2005

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by April 15, 2005 after being served with a copy thereof.  The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.